IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY BAUGH; SHAWN LASSITER; and THOMAS ETHAN LASSITER, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONSTAR MORTGAGE, LLC; and U.S. BANK NATIONAL ASSOCIATION, as Trustee, Successor in interest to LaSalle Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2006-8, <br><br> Defendants. | Case No. 1:17-cv-00412 <br><br> Formerly CV-2017-900127 <br><br> In the Circuit Court of Clarke County, Alabama |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a) and (b), Defendant Nationstar Mortgage, LLC ("Nationstar") and U.S. Bank National Association, as Trustee, Successor in interest to LaSalle Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2006-8 ("U.S. Bank") (Nationstar and U.S. Bank together, the "Defendants") submit its Notice of Removal of the proceeding entitled *Mary Baugh, et al. v. Nationstar Mortgage, LLC*, *et al.* designated 16-CV-2017-900127.00, pending in the Circuit Court of Clarke

212317.1

County, Alabama,[1] to the United States District Court for the Southern District of Alabama, Southern Division. As grounds, the Defendants state as follows:

## Commencement and History of the Case

On or about August 11, 2017, a Complaint ("Complaint") in the case entitled *Mary Baugh, et al. v. Nationstar Mortgage, LLC*, *et al.* designated 16-CV-2017-900127.00 was filed and is now pending in the Circuit Court for Clarke County, Alabama. A copy of the Complaint is attached hereto within Exhibit A.[2] In the Complaint, Plaintiffs seek: (1) "demand judgment against defendants for compensatory and punitive damages, and the value of the property, in aggregate, in the amount of Seventy-Four Thousand Dollars ($74,000.00), inclusive of interest and costs," and (2) equitable and injunctive relief, including "that the Defendants be enjoined from continuing with their foreclosure sale until such time as the material averments of the Plaintiffs' complaint have been heard" and that the "mortgage be held as null and void."   (Ex. A, at p. 8.)

## Jurisdictional Statement

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332. Plaintiffs are diverse in citizenship from Defendants, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and neither Defendant is a citizen of the State of Alabama.

---

[1] Defendants specifically reserve any and all applicable defenses pursuant to Rule 12 of the Federal Rules of Civil Procedure.

[2] Exhibit A contains all pleadings filed in the Circuit Court.

253329.1

**Citizenship of the Parties**

Plaintiffs are citizens of the State of Alabama. (*See* Ex. A, Complaint, ¶ 1-3). Nationstar is a foreign limited liability company and, therefore, a citizen of all states of which its members are citizens. *See Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) ("[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen."). Nationstar has two members: (1) Nationstar Sub1 LLC ("Sub1") and (2) Nationstar Sub2 LLC ("Sub2"). Both Sub1 and Sub2 are Delaware limited liability companies. Nationstar has no other members.

The sole member of Sub1 and Sub2 is Nationstar Mortgage Holdings Inc. ("NSM Holdings"). Sub1 and Sub2 have no other members. NSM Holdings is a Delaware corporation with its principal place of business in Coppell, Texas. Therefore, NSM Holdings is a citizen of Delaware and Texas. *See* 28 U.S.C. § 1332(c) (providing that "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . ."). Sub1 and Sub2 are thus citizens of Delaware and Texas, because their citizenships are determined by the citizenship of NSM Holdings, their sole member. *See Rolling Greens MHP, LP*, 374 F.3d at 1021. Lastly, Nationstar is a citizen of Delaware and Texas because its citizenship is determined by the citizenship of Sub1 and Sub2. *See id.*

U.S. Bank is a national banking association with its principal place of business in Minneapolis, Minnesota. (*See* Ex. A, Complaint, ¶ 5). Because U.S.

Bank's principal place of business is in Minnesota, U.S. Bank is not a citizen of the State of Alabama for diversity purposes. *See* 28 U.S.C § 1348; *Wachovia v. Schmidt*, 546 U.S. 303, 318 (2006) (A national bank is deemed a "citizen" of the state in which its main office is located).

Accordingly, diversity of citizenship is satisfied for purposes of this Court's jurisdiction of this proceeding pursuant to 28 U.S.C. § 1332, as no named defendant is a citizen of the State of Alabama. *See* 28 U.S.C. §§ 1332, 1441 (a), (b).

## Amount in Controversy

Section 1446(b) addresses when an action is removable, "setting forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of 'a copy of an amended pleading, motion, order or other paper.' [28 U.S.C.] § 1446(b)." *Williams v. Wal-Mart Stores, Inc.*, 534 F. Supp. 2d 1239, 1243 (M.D. Ala. 2008) (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212 (11th Cir. 2007)). Under the first type of case, "a case may be removed on the face of the complaint if the plaintiff has alleged facts sufficient to establish the jurisdictional requirements." *Id*. (quoting *Lowery*, 483 F.3d at 1213 n.63).

However, in this case, it is not facially apparent from Plaintiff's Complaint that the amount in controversy exceeds $75,000.00, as the Complaint specifically demands $74,000.00 in monetary damages but also seeks equitable and injunctive

4

253329.1

relief, the value of which is not facially apparent.  (*See generally* Ex. A, Complaint).

"It is well-established that, 'in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence.'" *Williams*, 534 F. Supp. 2d at 1243 (quoting *Lowery*, 483 F.3d at 1208). The preponderance of the evidence standard requires a removing defendant to "establish the amount in controversy by [t]he greater weight of the evidence, . . . [a] superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other." *Pretka v. Kolter City Plaza, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

Moreover, "[i]f the amount in controversy is not facially apparent from the complaint, the court looks to the notice of removal and any evidence submitted by the parties 'relevant to the amount in controversy at the time the case was removed.'" *Bankhead v. Am. Suzuki Motor Corp.*, 529 F. Supp. 2d 1329, 1332 (M.D. Ala. 2008) (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). *See also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1316, 1319 (11th Cir. 2010) (further citations omitted) (holding that "[i]f a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement.").

5

253329.1

Where a complaint is removed under the first paragraph of 28 U.S.C. § 1446(b) (within thirty days of initial service), the *Pretka* decision is controlling and there is "no[] limit [on] the types of evidence that may be used to satisfy the preponderance of the evidence standard." *Pretka*, 608 F.3d at 755, 768. Instead, removing defendants "may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "their own affidavits, declarations, or other documentation." *Id*. Here, based on the allegations in the Complaint and the evidence submitted by Defendants, the amount in controversy will more likely than not exceed $75,000.00, exclusive of interest and costs.

Indeed, as noted above, Plaintiffs' Complaint includes a monetary demand of $74,000.00; consquently, this action is removable if the value of the equitable and/or injunctive relief demanded by Plaintiffs exceeds $1,000.00, exclusive of interest and cost. Here, Plaintiffs demand several types of equitable and injunctive relief, including a request that the "mortgage be held as null and void." (*See* Ex. A, Complaint, p. 8).

When equitable and injunctive relief is sought, "'it is well established that the amount in controversy is measured by the value of the object of litigation.'" *Ericsson GE Mobile Commc'n, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). *See also Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) ("the value of the requested relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were

6

253329.1

granted."). The value of the "object of the litigation" where the plaintiff seeks a declaration that a mortgage is void is the amount of the lien on the property. *See, e.g.*, *Bourgeois v. Wells Fargo Bank, N.A.*, No. 10–00626–KD–N, 2011 WL 836677, at *6 (S.D. Ala. Feb. 16, 2011) (an allegation that a lender lacks standing to foreclose "necessarily entail[s] a declaration concerning the validity of the entire accelerated debt").[3]

In this case, the original unpaid principal balance of the Note was $49,280.00. On May 14, 2009, the loan was modified such that the unpaid principal balance of the loan increased to $50,170.26. In March 2017, the unpaid principal balance of the loan had decreased to $25,511.24, with a total payoff amount of $30,693.03 (*See* Exhibit B, Note; Loan Modification Agreement; 3/02/17 Mortgage Payoff Statement; Foreclosure Bid Instructions). Accordingly, the amount in controversy, including the monetary damages sought by Plaintiffs and the amount of the lien that has been put at issue in the litigation, greatly exceeds $75,000.00.

---

[3] Moreover, according to a January 2017 Broker Price Opinion, the value of the subject property was $33,500. (*See* Exhibit C, Broker Price Opinion). Additionally, the 2016 Clarke County Revenue Commission fair market value of the property at issue is $31,500. (*See* Exhibit D, Affidavit of Sudie Speed, at Exhibit 1). Federal courts in Alabama look at the tax assessed value of the property at the time of removal as evidence of such value. *Berry v. Mortgage Elec. Reg'n Sys., Inc.*, No. CA 11-0618-KD-C, 2012 WL 1145219, *5 (S.D. Ala. Mar. 15, 2012), *report and recommendation adopted*, No. CA 11–0618–KD–C., 2012 WL 1145212 (S.D. Ala. Apr. 5, 2012); *Brown v. Citimortgage, Inc.*, 2011 WL 1059206, *3 (S.D. Ala. Mar. 4, 2011) (quoting *Mapp v. Deutsche Bank Nat'l Trust Co.*, 2009 WL 3664118, *3 (M.D. Ala. Oct. 28, 2009)) ("'In sum, it is the value of the property that feeds the foreclosure formula.'"), *report and recommendation adopted*, No. 10–00709–KD–M, 2011 WL 1059172 (S.D. Ala. Mar. 23, 2011).

Additionally, Plaintiffs request that Defendants be "enjoined from continuing with their foreclosure sale until such time as the material averments of the Plaintiffs' complaint have been heard" (*See* Ex. A, Complaint, p. 8.). Plaintiffs' request for a preliminary injunction preventing Defendants from foreclosing on the property during the pendency of the litigation has value. Indeed, if such an injunction were granted, Defendants would not be able to foreclose on the subject property while this litigation was pending and, therefore, would lose the use of said property during that period of time. It is reasonable to expect that Defendants could command rental value and/or other profits from the property at least in the amount of Plaintiffs' monthly mortgage payment, which totals $587.91. (*See* Ex. B, 3/02/17 Mortgage Payoff Statement). Thus, if this litigation were to remain pending only six months (an extremely conservative estimate), Defendants would lose $3,527.46.

Against this background, the amount in controversy requirement is met. In an obvious attempt to avoid federal jurisdiction, Plaintiffs specifically demand $74,000.00 in monetary damages. However, they also demand equitable and injunctive relief, including the voiding of the mortgage and a preliminary injunction preventing a foreclosure during the pendency of this litigation. As demonstrated above, both types of equitable relief have value and individually, and collectively, they push the amount in controversy over the $75,000.00, exclusive of interest and costs, threshold.

253329.1

### Timeliness of Removal

Defendants were served with Plaintiffs' Complaint on August 14, 2017. Thus, thirty days have not expired since Defendants were able to first ascertain that the action was removable. Removal is therefore proper in accordance with 28 U.S.C. § 1446(b). In accordance with 28 U.S.C. § 1446, copies of all process and papers filed in this action are attached to this Notice of Removal as Exhibit A.

### Removal to Southern District of Alabama, Southern Division

Pursuant to 28 U.S.C. § 1441(a), this action is being removed to this Court, which embraces the place where the action is pending in state court.

### Attachment of State Court Pleadings and Records

Pursuant to 28 U.S.C. § 1446(a), clear and legible copies of all process, pleadings, motions, orders, proceedings, and other papers filed in the Circuit Court of Clarke County, Alabama, and served on Defendants in this action are attached as Exhibit A.

### Notice to State Court

Contemporaneously with the filing of this notice of removal in this Court, and in accordance with 28 U.S.C. § 1446(d), written notice of removal is being filed with the clerk of the Circuit Court of Clarke County, Alabama, and is being served on counsel for Plaintiffs. A copy of same is attached hereto as Exhibit E.

No admission of fact, law, or liability is intended by this notice of removal, and all defenses, motions, and pleas are expressly reserved.

253329.1

## Conclusion

In conclusion, removal of this action is proper and timely for the foregoing reasons:

a. Plaintiffs, citizens of Alabama, are diverse in citizenship from Defendants, which are not citizens of Alabama;

b. the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and

c. this Notice of Removal is timely filed.

WHEREFORE, PREMISES CONSIDERED, Defendants are entitled to have this cause removed from the Circuit Court of Clarke County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division.

Respectfully submitted this the 13th day of September, 2017.

*/s/ G. Lane Knight*
One of the Attorneys for Defendants
Nationstar Mortgage, LLC and U.S. Bank

**OF COUNSEL:**

Gregory C. Cook
E-mail: gcook@balch.com
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8799

G. Lane Knight
E-mail: lknight@balch.com
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115

253329.1

## CERTIFICATE OF SERVICE

       I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the AlaFile system which will send notification of such filing and/or that a copy of the foregoing has been served upon the following by placing a copy of same in the United States mail, properly addressed and postage prepaid, on this the 13th day of September, 2017:

Lamar C. Johnson
Wyman O. Gilmore, Jr.
GILMORE LAW FIRM
116 Court Street
Grove Hill, Alabama 36451

*Attorneys for Plaintiffs*

                                    */s/ G. Lane Knight*
                                    Of Counsel

253329.1