IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARY BAUGH, *et. al.*,                  *

                                       *

                Plaintiffs,    *

v.                             *

                                       * CIVIL ACTION NO. 17-00412-KD-B

NATIONSTAR MORTGAGE, LLC,   *
*et. al.*,                     *

                                       *

                Defendants.    *

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs Mary Baugh, Shawn Lassiter, and Thomas Ethan Lassiter's Motion to Remand. (Doc. 12). The motion, which has been fully briefed, has been referred to the undersigned Magistrate Judge for entry of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. CivLR 72(a)(2)(S). Upon consideration of the parties' briefs, the undersigned **RECOMMENDS** that Plaintiffs' Motion to Remand be **GRANTED.**

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In 1974, Plaintiff Mary Baugh, along with her husband, Thomas Baugh, executed a deed that conveyed one (1) acre of land to Harold Lassiter and his wife, Edna Lassiter.[1] (Doc. 1-1 at 3, 12). The deed contains a restrictive covenant which states, "It is understood between the parties hereto that grantees are not

---

[1] On March 21, 2017, with the written consent of Plaintiff Baugh, Harold Lassiter conveyed the land at issue to Plaintiffs Shawn Lassiter and Thomas Ethan Lassiter. (Doc. 1-1 at 5).

to sell or mortgage the above described land during the respective lifetimes of both of the grantors herein." (Id. at 3, 12). Notwithstanding the restrictive covenant, and the fact that Plaintiff Mary Baugh was, and is, alive, Harold and Edna Lassiter secured a mortgage loan on the property through Cranbrook Loans ("Cranbrook") in April 2006. (Id. at 2, 4, 5, 27, 36, 43). The Cranbrook mortgage was assigned several times before being assigned to the current mortgagee, Defendant U.S. Bank National Association ("U.S. Bank"), and its agent and co-defendant, Nationstar Mortgage ("Nationstar"). (Id. at 4, 28-32). In February 2017, and again in June 2017, Nationstar sought to institute foreclosure proceedings by publishing a "Notice of Mortgage Foreclosure Sale." (Id. at 4-5, 33, 35-36).

Plaintiffs Baugh, Shawn Lassiter, and Thomas Ethan Lassiter filed the instant action on August 10, 2017, in the Circuit Court of Clarke County, Alabama. (Doc. 1-1 at 2). In their complaint, Plaintiffs allege that Defendants have initiated wrongful foreclosure proceedings with respect to the subject property. (Id. at 4, 7). Specifically, Plaintiffs aver that the mortgage on which Defendants are attempting to foreclose is "void, voidable, illegal, without legal effect[,] and is otherwise invalid and unenforceable as a matter of law[]" because of the restrictive covenant contained in the deed. (Id. at 5). Plaintiffs' listing of damages includes actual and

2

punitive damages in a sum to be determined by a jury, temporary injunctive relief,  and a declaration that the mortgage is null and void.  Plaintiffs' prayer for relief goes on to clarify that they seek "judgment against Defendants for compensatory and punitive damages and the value of the property, in aggregate, in the amount of seventy-four thousand Dollars ($74,000.00), inclusive of interest and costs." (Id. at 9).  On August 17, 2017, the Circuit Court of Clarke County issued a Temporary Restraining Order enjoining Defendants from proceeding with the foreclosure sale of the property at issue.  (Doc. 1-1 at 47-48).

Defendants timely removed this action from the Circuit Court of Clarke County under 28 U.S.C. § 1332 based on diversity jurisdiction.  (Doc. 1 at 3-8).  In their Notice of Removal, Defendants assert that complete diversity of citizenship exists between Plaintiffs and Defendants, as Plaintiffs, natural people, are citizens of Alabama; Nationstar is a foreign limited liability company and is a citizen of Delaware and Texas;[2] and U.S. Bank, a national banking association, is a citizen of Minnesota.  (Id. at 3-4).  Defendants also assert that the amount in controversy requirement is satisfied by Plaintiffs'

---

[2] For diversity jurisdiction purposes, limited liability companies are considered citizens of any state in which its members are citizens.  Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004).  Here, Nationstar has two members, and the sole member of those two members is a Delaware corporation with its principal place of business in Texas.  (Doc. 1 at 3).  Accordingly, Nationstar is a citizen of those two states.

specific monetary demand of $74,000 which, when coupled with their demands for equitable and injunctive relief, makes Plaintiffs' claims exceed $75,000.  (Id. at 6-8).

In Plaintiffs' Motion to Remand, they acknowledge that complete diversity of citizenship exists between them and Defendants.  (Doc. 12-1 at 3).  However, Plaintiffs contend that the amount in controversy requirement is not satisfied.[3]  (Doc. 12 at 1).  According to Plaintiffs, the $74,000 prayer for relief outlined in their complaint (doc. 1-1 at 9) is inclusive of all the relief they have requested, including the value of the property at issue, costs, interest, and equitable and injunctive relief.  (Doc. 12-1 at 3-4).  Therefore, Plaintiffs assert that this Court lacks subject-matter jurisdiction.  (Doc. 12 at 1).  Defendants, in turn, argue that Plaintiffs' demands for equitable and injunctive relief are separate from their monetary demands, such that when the fiscal value of the equitable and injunctive relief are aggregated with the other relief being sought, the amount in controversy requirement is satisfied.  (Docs. 1 at 8; 16 at 4-7).

---

[3] Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010).

## II.   STANDARD OF REVIEW

A removing defendant has the burden of proving proper federal jurisdiction. See Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008); Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005) ("In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.") (citation omitted); McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  Furthermore, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."  Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1092 (11th Cir. 2010) (internal quotes omitted).

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000.  See 28 U.S.C. § 1332(a). "When the complaint does not

claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Beasley v. Fred's, Inc., 2008 WL 899249 at *1, 2008 U.S. Dist. LEXIS 26210 at *3-4 (S.D. Ala. Mar. 31, 2008) (quoting Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001)). "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." SUA Ins. Co. v. Classic Home Builders, LLC, 751 F. Supp. 2d 1245, 1252 (S.D. Ala. 2010) (quoting Roe, 613 F.3d at 1062). Courts may use judicial experience and common sense to determine whether the case stated in the complaint meets the requirements for federal jurisdiction. Id. Reliance on "speculation" is "impermissible." Id. (citing Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 771 (11th Cir. 2010)).

"If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. The removing defendant bears the burden of proving, by a preponderance of the evidence, that the amount in controversy

exceeds the jurisdictional requirement.   Pretka, 608 F.3d at
752.

### III. ANALYSIS

Diversity of citizenship is not disputed. Therefore, the
issue is whether the amount in controversy exceeds $75,000.00,
exclusive of interest and costs.   Courts have long held that the
amount in controversy is established by reference to the value
of the object of the litigation. Ericsson GE Mobile Commc'ns,
Inc. v. Motorola Commc'ns & Elecs., Inc., 120 F.3d 216, 218
(11th Cir. 1997). "When a plaintiff seeks injunctive or
declaratory relief, the amount in controversy is the monetary
value of the object of the litigation from the plaintiff's
perspective."   Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077
(11th Cir. 2000).   "In other words, the value of the requested
injunctive relief is the monetary value of the benefit that
would flow to the plaintiff if the injunction were granted."
Id.; see also Morrison v. Allstate Indem. Co., 228 F.3d 1255,
1258 n. 9 (11th Cir. 2000) (noting that "the value of an
injunction for amount in controversy purposes must be measured
by what the plaintiff stands to gain . . ."); Ericsson, 120 F.3d
at 218-20.

As noted *supra*, when the plaintiff does not plead a
specific amount of damages, the removing defendant bears the
burden of establishing that the amount in controversy

7

requirement is satisfied by a preponderance of the evidence.
See Pretka, 608 F.3d at 752.  However, where an ad damnum clause[4]
is present and includes a demand for a specific amount of
damages that is less than the jurisdictional requisite, the
defendant "must prove to a legal certainty that plaintiff's
claim must exceed [$75,000]."  Burns, 31 F.3d at 1095; see also
Shelton v. Ruffin, 2017 U.S. Dist. LEXIS 45315 at *2 (S.D. Ala.
Mar. 28, 2017) (noting that, "when a complaint demands a
specific sum (or more than, or less than, a specific sum), the
plaintiff's demand is sacrosanct unless it is shown to a "legal
certainty" that the amount in controversy really is less than
(or more than, as the case may be) the amount expressly
demanded."); Strickland v. Merscorp, Inc., 2016 WL 6143165 at
*2, 2016 U.S. Dist. LEXIS 145188 at *7 (M.D. Ala. Oct. 20, 2016)
("If the plaintiff specifically requests a certain amount of
damages that is below the jurisdictional threshold in the ad
damnum clause of [their] complaint, the defendant must prove  to
a legal certainty that the plaintiff's claim exceeds $75,000.00,
exclusive of interest and costs.") (internal quotations
omitted).  See, e.g., Ponce v. Fontainebleau Resorts, LLC, 653
F. Supp. 2d 1297, 1301 (S.D. Fla. 2009) (concluding that the
legal certainty standard applied because the state court

---

[4]   An ad damnum clause is "[a] clause in a prayer for relief stating the
amount of damages claimed."  Black's Law Dictionary (10th ed. 2014).

8

complaint made a specific demand for damages in the ad damnum clause); Golden v. Dodge-Markham Co., Inc., 1 F. Supp. 2d 1360, 1363 (M.D. Fla. 1998) (finding that the preponderance of the evidence standard applied where a plaintiff's ad damnum clause only made general demands for certain types of relief and did not specify a dollar amount).   "[T]his holding applies even where a plaintiff seeks both compensatory and punitive damages." McGhee v. Allstate Indem. Co., 928 F. Supp. 1102, 1104 (M.D. Ala. 1996) (citing Burns, 31 F.3d at 1097)).

Here, Plaintiffs' complaint expressly states that they "demand judgment against defendants for compensatory and punitive damages, and the value of the property, in aggregate, in the amount of Seventy-Four Thousand Dollars ($74,000.00), inclusive of interest and costs."   (Doc. 1-1 at 9).   This statement, with its specific demand for monetary damages, constitutes an ad damnum clause.   In their Motion to Remand, Plaintiffs further clarified that their $74,000 request includes the value of the requested equitable and injunctive relief. (Doc. 12-1 at 5).   Nevertheless, Defendants contend that the value of Plaintiffs' requested equitable and injunctive relief is separate from the ad damnum clause, such that, when added to Plaintiffs' demand for $74,000, the amount in controversy is satisfied.   (Doc. 16 at 2-4).

9

Defendants' interpretation of the amount in controversy in this matter conflicts with the language set forth in the ad damnum clause in Plaintiffs' complaint.  A review of said clause demonstrates that, while Plaintiffs listed various categories of damages such as compensatory and punitive damages, as well as the value of the property, the ad damnum clause expressly states that, in the aggregate, Plaintiffs are seeking $74,000, inclusive of interest and costs.  In the face of the clear language contained in the ad damnum clause, the Court finds that Defendants have not shown, *to a legal certainty*, that Plaintiffs' claims must exceed $75,000.  See Land Clearing Co., LLC v. Navistar, Inc., 2012 WL 206171 at *5, 2012 U.S. Dist. LEXIS 8603 at *17 (S.D. Ala. Jan. 24, 2012) (noting that, where the plaintiffs "expressly limited [their] recovery . . ., that limitation will not be cavalierly cast aside.").

As a postscript, even if this Court did find that Plaintiffs' ad damnum clause created uncertainty about whether their requested injunctive relief placed their claim over the $75,000 threshold, Defendants have not met their burden of establishing that it is more likely than not that the amount in controversy exceeds $75,000. In this district, "an appropriate monetary measure of the value of [a mortgagor's rights] is the value of the property." Mixon v. Nationstar Mortg., LLC, 62 F. Supp. 3d 1321, 1325 (S.D. Ala. 2014).  Thus, where a plaintiff

10

seeks a permanent injunction against foreclosure, "the amount placed in controversy by a demand to enjoin a defendant's foreclosure will be no more than the fair market value of the property at the time of removal, less the amount of mortgage debt which the net proceeds of the foreclosure sale will eliminate." Id. at 1326-27. Conversely, when a plaintiff seeks to temporarily enjoin foreclosure, the value "is surely much lower than the value of [a] permanent injunction of [a] foreclosure sale." Carstarphen v. Deutsche Bank Nat. Trust Co., 2009 WL 1537861 at *5, 2009 U.S. Dist. LEXIS 45637 at *21 (S.D. Ala. Jun. 1, 2009).

Here, when considering the value of Plaintiffs' requested injunctive relief, the Court again finds that the jurisdictional amount in controversy is not satisfied. Defendants, in their Notice of Removal, contend that the amount in controversy is satisfied when considering the value of the property and Plaintiffs' requested injunction against foreclosure. (Doc. 1 at 7-8). Further, in their response in opposition to the Motion to Remand, Defendants list Plaintiffs' requested equitable relief as, inter alia, the nullification of the mortgage and the equity of the property. (Doc. 16 at 5).

First, with respect to Plaintiffs' requested injunctive relief, the record reflects that, after the filing of this action, but prior to removal, the Circuit Court of Clarke County

11

issued a temporary restraining order enjoining Defendants from proceeding with the foreclosure of the property at issue.   (Doc. 1-1 at 47-48).   The amount in controversy analysis is based on the amount at issue at the time of removal, Pretka, 608 F.3d at 751, yet "[t]he [D]efendant[s] [have] not explained how [they] can assign value to a demand for relief that has already been obtained at the time of removal."   Reed v. Chase Home Fin., LLC, 2011 WL 321737 at *4, 2011 U.S. Dist. LEXIS 8643 at *10 (S.D. Ala. Jan. 28, 2011). Accordingly, Defendants have failed to show, by a preponderance of the evidence, that such injunctive relief would place the amount in controversy over the required threshold.

Additionally, Defendants have not established, *by a preponderance of the evidence*, that the equity of the home and/or the nullification of the mortgage debt have monetary value that would place the amount in controversy above the required minimum. With respect to the value of the property, the record reflects that it was listed at $33,500 at the time of the filing of this action.   (Doc. 1-3 at 8). Further, the mortgage debt was calculated at $30,693.03 (Doc. 1-2 at 16.). Thus, even if these numbers were aggregated, they would not place the amount in controversy above $75,000. Because Defendants have not met their burden of establishing by a preponderance of the

12

evidence that the amount in controversy exceeds $75,000, subject matter jurisdiction is lacking.[5]

## IV.   CONCLUSION

For the reasons set forth above, the undersigned finds that Defendants have not met their burden of establishing that the amount in controversy requirement has been satisfied, as is necessary to support federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.   Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remand (Doc. 12) be **GRANTED,** and that this action be remanded to the Circuit Court of Clarke County, Alabama, pursuant to 28 U.S.C. § 1447(c).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.   *See* 28 U.S.C. § 636(b)(1); **Fed. R. Civ. P.** 72(b); S.D. Ala. GenLR 72(c).   The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives

---

[5]   Since the Court has determined that it does not have jurisdiction over this action, Defendants' Motion to Dismiss (doc. 4) is due to be **DENIED** as **MOOT.**

the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error, if necessary, "in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **17th** day of **April, 2018.**

                              /s/ SONJA F. BIVINS
                    **UNITED STATES MAGISTRATE JUDGE**

14